UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

EUZEBELIN ABELLARD,

                *Petitioner*,

– against –

M.J. KING,

                *Respondent*.

**MEMORANDUM & ORDER**
24-cv-03719 (NCM)

**NATASHA C. MERLE**, United States District Judge:

    Euzebelin Abellard, who is currently incarcerated at Clinton Correctional Facility, petitions this court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Before the Court is petitioner's request for leave to amend the petition pursuant to Federal Rule of Civil Procedure 15 in order to add two grounds for relief. ECF No. 9 (the "Request"). For the reasons stated below, petitioner's Request is **GRANTED**.

## BACKGROUND

    Proceeding *pro se*, Abellard filed the petition, ECF No. 1, in May 2024, alleging two grounds for habeas relief: (i) "The court's erroneous determination of petitioner's *Dunaway* motion deprived him of an opportunity to contest the legality of his arrest and to seek suppression of critical evidence," Pet. 5,[1] and (ii) "[T]he unnecessary admission of gruesome autopsy photos violated petitioner's due process right to a fair trial," Pet. 6. Thereafter, the Court issued an order granting petitioner leave to proceed *in forma*

---

[1]    Throughout this Order, page numbers for docket filings refer to the page numbers assigned in ECF filing headers.

1

*pauperis* and directing the District Attorney of Kings County, as attorney for respondent, to electronically file the state court record and a response to the petition. ECF Order dated June 3, 2024.

After reviewing respondent's submission, the Court *sua sponte* granted petitioner leave to file a supplemental submission explaining why this Court is not barred by *Stone v. Powell*, 428 U.S. 465, 494 (1976) from considering the first ground for relief stated in the petition. ECF Order dated Nov. 6, 2024. After directing respondent to supplement the state court record with all pre-trial filings, the Court *sua sponte* extended petitioner's deadline to file the supplemental submission. ECF Order dated Dec. 23, 2024. At petitioner's request, the Court twice more extended the supplemental submission deadline to March 1, 2025 and directed the "Superintendent or other appropriate official at Clinton Correctional Facility . . . to make all reasonable efforts to permit petitioner access to the law library for at least seven (7) hours per week, in order to respond to the Court's orders." ECF Order dated Jan. 21, 2025.

Thereafter, petitioner filed a reply in support of his petition, in which he requested leave to amend the petition. *See* Req. 2. Specifically, petitioner seeks to add two grounds for relief: (a) "Petitioner's Guilt was not proven beyond a reasonable doubt," Req. 2, and (b) "The sentence imposed is harsh and excessive," Req. 2. Petitioner also requested an opportunity to reply to any filing by respondent as to the proposed additional grounds for relief. Req. 2 n.1.

## DISCUSSION

Pursuant to the Rules Governing Section 2254 Cases (the "Habeas Rules"), the Federal Rules of Civil Procedure "may be applied" to habeas corpus proceedings pursuant to 28 U.S.C. § 2242 "to the extent that they are not inconsistent with any statutory

provisions" or the Habeas Rules. Habeas R. 12. Federal Rule of Civil Procedure 15 ("Rule 15") provides, in part, that on a request from a party, the Court "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). And although the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254, imposes "stringent procedural requirements regarding second and successive petitions [that] are intended to prevent piecemeal litigation of habeas petitions," motions to amend do not constitute successive habeas petitions so long as the district court has yet to rule on the merits of the petition. *Littlejohn v. Artuz*, 271 F.3d 360, 363 (2d Cir. 2001). Accordingly, Rule 15 does not conflict with AEDPA and therefore governs a habeas petitioner's motion to amend. *Id*. at 364.

Rule 15 provides a "liberal and permissive standard" in favor of leave to amend. *Sacerdote v. New York Univ.*, 9 F.4th 95, 115 (2d Cir. 2021). Indeed, the "only grounds on which denial of leave to amend has long been held proper are upon a showing of undue delay, bad faith, dilatory motive, or futility." *Id.*; *see also Pappas v. City of New York*, No. 23-cv-06010, 2024 WL 2093472, at *15 (S.D.N.Y. May 9, 2024) ("[A] motion to amend should be denied only if the moving party has unduly delayed or acted in bad faith, the opposing party will be unfairly prejudiced if leave is granted, or the proposed amendment is futile."). A permissive standard for amendment accords with more than the text of Rule 15: "[i]t is entirely contrary to the spirit of the Federal Rules of Civil Procedure for decisions on the merits to be avoided on the basis of mere technicalities." *DaCosta v. City of New York*, 296 F. Supp. 3d 569, 583 (E.D.N.Y. 2017). For similar reasons, Rule 15 also "provides that an amendment to a pleading relates back to the date of the original pleading where, as relevant here, the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the

original pleading." *Lehman XS Tr., Series 2006-GP2 by U.S. Bank Nat'l Ass'n v. GreenPoint Mortg. Funding, Inc.*, 916 F.3d 116, 128 (2d Cir. 2019) (citing Fed. R. Civ. P. 15(c)(1)(B)).

Furthermore, although "a *pro se* litigant is not exempt from compliance with relevant rules of procedural and substantive law," *Williams v. People*, No. 23-cv-10027, 2024 WL 421130, at *1 (S.D.N.Y. Jan. 4, 2024) (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)), the Court is obliged to construe *pro se* pleadings liberally and interpret them "to raise the strongest arguments that they suggest," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006).

Here, petitioner requested leave to amend less than a year after he filed the initial petition. Although "[d]elay alone is generally not a sufficient basis for denying" leave to amend, a delay that is "particularly egregious or prejudicial" may warrant denial. *BLT Rest. Grp. LLC v. Tourondel*, 855 F. Supp. 2d 4, 14 (S.D.N.Y. 2012). Nothing in this action suggests that petitioner's delay in requesting leave to amend will prejudice respondent. Nor is there any "indication" that petitioner "engaged in dilatory or abusive litigation tactics." *Kiejliches v. Perez*, 708 F. Supp. 2d 253, 257 (E.D.N.Y. 2010). Furthermore, petitioner's proposed amended petition alleges that the additional grounds were procedurally exhausted in state court, a requirement for habeas relief pursuant to AEDPA, and thus are neither clearly futile or unfairly prejudicial. *See* Req. 2, 9–11; *see* 28 U.S.C. § 2254(b)(1)(A). Accordingly, the Court grants petitioner's request for leave to amend.

Further, because the additional proposed grounds "arose out of" the state court proceedings that form the basis of the initial petition, the Court finds that the amended petition shall relate back to the date of the initial petition. *See Lehman XS Tr.*, 916 F.3d at 128.

## CONCLUSION

For the reasons stated above, petitioner's request for leave to amend the petition is **GRANTED**. In light of petitioner's incarceration status, the Clerk of Court is respectfully directed to docket the proposed amended petition, ECF No. 9 pages 4–14, as the operative petition in this action. Respondent shall file a supplemental response to the amended petition on or before April 21, 2025. Petitioner is not required to file a reply to respondent's supplemental response but may do so by May 12, 2025.

**SO ORDERED.**

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　_/s/ Natasha C. Merle_
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　NATASHA C. MERLE
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge

Dated:　　　March 7, 2025
　　　　　　Brooklyn, New York